## MARIS *et al. v.* LINDSEY *et al.*

[99 So. 130.   No. 23708.]

(Division A.  Feb. 4, 1924.   Suggestion of Error Overruled March 3, 1924.)

1. TENDER.  *Offer in bill denying indebtedness to pay amount found due on an accounting held not to stop running of interest.*
   Where bill denied that complainants were indebted to defendants, an offer to pay defendants any amount which should be found due after an accounting did not constitute a valid and legal tender, sufficient to stop interest on amount found due.

2. TENDER.  *Rule as to sufficiency of tender to stop running of interest stated.*
   To constitute a valid tender sufficient to stop the running of interest, the amount tendered must be paid into court, or the tender must be of a definite sum and unconditional.

APPEAL from chancery court of Madison county.

HON. V. J. STRICKER, Chancellor.

Suit by Sarah Jones Lindsey and others against C. T. Maris and others.  From the decree rendered, both parties appeal.  Affirmed in part, and reversed and judgment rendered in part.

*W. H.* and *R. H. Powell,* for appellants.

After all credits had been made it was agreed that the amount due on the Wohner notes was the sum of five thousand five hundred fifty-eight dollars and eighty cents on the 16th day of April, 1917.  This court, *en banc,* in the case of *Nash* v. *Smith,* 96 So. 516, *et seq.,* has effectually nullified the contention of our friend not only on the questions of the statute of limitations and subrogation, but also on the question of interest.

A purchaser of a mortgage who has paid the purchase money is entitled to be regarded in equity as if he were the assignee of the mortgage.  *Brewer* v. *Nash,* 161 R. I.

458. A subrogee is placed in the precise position of the one to whose rights he is subrogated, and is entitled to all of the rights and securities, and the benefit of all the remedies, which were available to such person. 41 L. Ed. U. S. Sup. Ct. 412, and notes.

The right of subrogation is complete on the date the encumbrance is paid, and the subrogee may rightfully assert and enforce the lien as of that date, and he may therefore collect both principal and interest. 5 Ann. Cases, 899. Yet the court below stopped interest after the tender made in the bill.

We insist that such offers to pay what might be found due on final decree were inconsistent and conditional, and were not such tenders as would stop interest. As late as 1922 it was held that tender must be unconditional. See *Oil Mill Case,* 131 Miss. 55. In the *Neff case,* 120 Am. St. Rep. 68, the same doctrine was announced as announced in the *Nash case, supra.*

*R. B. Ricketts,* and *E. B. Harrell,* for appellees.

I. Interest on the debt asserted by the appellant, Maris, ceased at the time of the filing of the supplemental bill in this case. The supplemental bill was filed on April 17, 1920, and contains the following language:—"Complainants again state that they fully believe that there is nothing due to the defendants under said deed of trust, or from any other source, but should the court after a final accounting between complainants and defendants, as prayed for in the original bill, find any sums to be due and owing to the defendants they then and now offer to do equity in the premises, and to pay to the defendants any sums that this court may find to be lawfully due."

And in section VII of the said supplemental bill the appellees go still further and say: "Your complainants, being desirous of showing their good faith and willingness to do equity, do now offer and tender to the defend-

ants under said deed of trust" . . . Going on to state that if the defendants will account, as by law they are required to do, the "complainants will pay to the defendants the full amount of said sums, as may be due by the true accounting, and will pay all court costs and dismiss their bill."

A sufficient tender of the amount due under a contract to pay money will prevent the running of interest subsequent to such tender. What is a sufficient tender in this case? This is an equity cause and not a suit at law, and the rules of equity as to sufficiency of a tender govern here. 26 R. C. L. (Tender), section 28.

There is a full collection and discussion in a note in 12 A. L. R., 938, *et seq.*, of the authorities relating to the necessity of keeping tender good in equity. To the same effect is 22 Cyc. 1555 and 1557.

The case of *Nestor* v. *Davis*, 100 Miss. 200, fully and explicitly states the law that governs the present case. In the present case it is evident that an accounting was necessary in order that the amount, if any, due by the appellees to the appellant Maris should be ascertained. Much is made, in the brief for appellants, of the so-called "conditional" character of the tender. It is clearly demonstrated in this case that the appellees unconditionally offered to pay whatever might be found due upon such an accounting as the law gave them the right to demand. They did demand an accounting as a prerequisite to the payment of any definite sum. This court has expressly held in the case of *Nestor* v. *Davis, supra,* that the appellees were imposing no condition which the law does not itself impose.

It is, therefore, respectfully submitted that the tender made by the appellees was in all respects good and sufficient. It follows that they are entitled in this case to every advantage which the making of a good and sufficient tender gives to a party in an equity cause. Interest on the debt ceased as of the date of making the tender. 22 Cyc. 1557; 38 Cyc. (Tender), 162; 26 R. C. L.

(Tender), section 34, page 652; Note to *Thompson* v. *Crains,* 12 A. L. R. 931.

The attention of the court is especially directed to the language of the New York court, in the case of *Wood* v. *Rabe,* quoted in note to *Thompson* v. *Crains, supra.* See, also, 12 A. L. R. 953-954; *Maris* v. *Lindsey,* 87 So. 16.

The case of *Nash* v. *Smith,* 96 So. 516, is apparently relied upon by the appellant as authority for the contention that interest should be allowed on the notes held by Maris, up to the time of the final decision of the case. There is, we submit, nothing in the record or in the opinion in that case which justifies appellants in relying upon it. There was no tender in the Nash case, and the court nowhere, so far as we can see, either states or implies that interest would be allowable in such a case as that disclosed by the record on this appeal.

*W. H. & R. H. Powell,* for appellants in reply.

Citations in appellees' brief, and the notes thereunder, do not refer to the stopping of interest, but refer to such tender as will keep the bill in court for an accounting. No tender can be effectual to stop interest unless such tender is unconditional and consistent. *Nestor* v. *Davis,* 100 Miss. 206 and 207, is inapt and does not touch the question of stopping interest. There is a bottomless gulf between the propositions of what tender is necessary to maintain a bill for an accounting and what tender is necessary to stop interest. Lastly, the quotation from the former opinion of this court is purely *obiter dictum.*

Argued orally by *W. H. Powell,* for appellant, and *E. B. Harrell,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This cause was here before in *Maris et al.* v. *Lindsey et al.,* 124 Miss. 742, 87 So. 13. Upon a remand to the lower court for an accounting between the parties, much testimony was heard by the chancellor, and a decree was

rendered in favor of the present appellant Maris against the appellees for an amount, with a lien upon the lands involved for its payment.  The appellants being dissatisfied with the different items allowed and disallowed in the decree of the chancellor, and the appellees also being dissatisfied with some of the rulings and allowances in the decree, both parties appeal to this court.

The record discloses a very large amount of conflicting testimony with reference to the items and charges claimed by each party in the accounting between them.  The chancellor passed upon each claim presented, decided the disputed questions of fact, and entered his final decree, containing about twenty paragraphs, covering the numerous opposing claims of the litigants.  The questions now presented for our decision are disputes between the parties as to what items the chancellor ought to have allowed and what items he ought to have disallowed to the respective parties.

We have at length traveled tediously through the voluminous record, carefully considered the briefs and arguments of counsel, and we think the decree of the lower court is correct in all substantial respects, except as to the item of interest disallowed appellant Maris, as set out in paragraph 5 of the decree.  The finding of the chancellor in that paragraph is:

"That there was due the said Maris on said notes on the 16th day of April, 1917, the sum of five thousand five hundred fifty-eight dollars and eighty cents, with interest at the rate of six per cent. per annum from April 16, 1917, to April 17, 1920, which together amounts to the sum of six thousand five hundred sixty dollars and twenty-eight cents on April 17, 1920, and which is a first and prior lien on all of the lands sued for, in favor of C. T. Maris, and no interest is allowed thereon from April 17, 1920, because on that date complainants made a valid and legal tender, as shown by the original and supplemental bills filed in this cause."

We think the chancellor erred in refusing to allow interest to appellant Maris after April 17, 1920, but should have allowed interest from April 16, 1917, until the time payment is made of the amount due by appellees to appellants. The chancellor refused to allow interest on the amount due Maris after April 17, 1920, because, as he held, complainants below had on that date made a valid and legal tender of the amount due, which stopped the running of interest. We do not think a valid and legal tender is shown by the record, and therefore the interest should have been allowed up to the time of payment of the principal.

The alleged tender by the appellees consisted of an offer to pay Maris any sum that might be found to be due him by the accounting between them, but denied that appellees owed Maris any sum whatever, and said in the bill that, if it was found any sum was due, they would then and now offer to pay it, or, in other words, the appellees denied that they owed Maris any amount whatever, but made the conditional offer in their bill that, if the chancellor found, after an accounting, that any sum was due appellant, they were willing to pay such sum. This is the substance of the alleged tender in the complainants' bill.

We do not think this constitutes a valid tender of the amount due, which would stop the running of interest on the principal. The amount tendered must be paid into court, or the tender must be of a definite sum, without any condition attached to it. It is argued by appellees that this was a good tender because the amount due could not then be ascertained, and that an offer in good faith to pay whatever might be due was the only tender that could be made under the circumstances. But we disagree with counsel in this contention, for the reasons pointed out immediately above; the alleged tender was no more than a conditional offer of an indefinite amount. This is not sufficient to stop interest for the use of the money.

In view of the conclusion reached above, the decree of the lower court is affirmed on both direct and cross-appeal, except as to the item of interest which should have been allowed the appellant, and judgment is rendered here, affirming the decree, with an allowance of the interest to appellant as indicated above.

*Affirmed in part, and reversed in part, with judgment here.*

### On Suggestion of Error.

Anderson, J.    Cross-appellants in their suggestion of error reargue three propositions.    They present their views with great ability and force.    We have thoroughly reconsidered those three propositions.    We are of the opinion that substantial justice has been done in this case, without the violation of any legal principle.

Suggestion of error is therefore overruled.

*Overruled.*